UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JONATHAN PESCE,

                Plaintiff,

-against-

THE NEW YORK CITY POLICE DEPARTMENT,
THE CITY OF NEW YORK, ELI J. KLEINMAN, AS
CHIEF SURGEON OF THE NEW YORK CITY
POLICE DEPARTMENT, AND RAYMOND W.
KELLY, AS COMMISSIONER OF THE NEW YORK
CITY POLICE DEPARTMENT,

                Defendants.

ECF Case

Case No.   12cv8663

**COMPLAINT**

---

       Plaintiff, Jonathan Pesce, by his attorneys, Conover Law Offices, for his complaint

against defendants, The New York City Police Department, the City of New York, Eli J.

Kleinman, Chief Surgeon of the New York City Police Department, and Raymond W. Kelly, as

Commissioner of the New York City Police Department, respectfully alleges as follows:

## NATURE OF ACTION

       1.     This is an action for damages against defendants for discrimination on the basis of

disability in violation of Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §

794 *et seq.* (hereafter "Rehabilitation Act"), the Americans with Disabilities Act Amendments

Act of 2008, 42 U.S.C. §12101 *et seq.* ("ADAAA"), and the New York City Human Rights Laws

§8-101 *et seq.* (hereafter "HRL").

## JURISDICTION AND VENUE

       2.     The jurisdiction of this Court over this controversy is invoked pursuant to 28

U.S.C. §1331 and 42 U.S.C. §12101 *et seq.*, and the Court's pendent jurisdiction is invoked for

claims arising under state statutory and/or common law.

3.      Venue in this Court is proper in that defendants maintain offices in the District, and plaintiff's claims arose in this District.

## ADMINISTRATIVE PROCEEDINGS

4.      On or about November 15, 2010, plaintiff Jonathan Pesce ("Pesce") filed a timely charge alleging disability discrimination by defendants with the Equal Employment Opportunity Commission ("EEOC").

5.      The EEOC deposited in the U.S. Mail a Notice of Right to Sue with respect to the disability discrimination Charge on or about August 28, 2012, more than 180 days after the filing of the Commission Charge, and which was received by plaintiff within 90 days of filing the Complaint in this Court. A copy of the Notice of Right to Sue dated August 27, 2012 is attached hereto as Exhibit A.

## PARTIES

6.      Plaintiff is a citizen of the United States, residing in Nassau County and the State of New York. At all times relevant he met the statutory definition of an "employee" under all applicable statutes.

7.      At all times relevant, defendant, the New York City Police Department ("NYPD") is and was a public agency, and the largest municipal police force in the United States, and met the definition of an "employer" under all applicable statutes.

8.      At all times relevant, defendant, the City of New York ("NYC"), is and was a municipal corporation amenable to be sued in its own name.

9.      At all times relevant, defendant, Chief Surgeon Eli J. Kleinman, is and was a resident of the state of New York, employed by and with supervisory and managerial authority over the NYPD Medical Division, with offices at One Lefrak City Plaza, Corona, New York.

2

10.    At all times relevant, defendant, Commissioner Raymond W. Kelly, is and was a resident of the state of New York, employed by and with supervisory and managerial authority over the NYPD, with offices at One Police Plaza, New York, New York.

## FACTS

11.    On or about October 18, 2008, Pesce took the civil service competitive examination for the position of police officer, which he subsequently learned he passed.

12.    On or about January 20, 2010, Pesce appeared at the NYPD Medical Bureau for a required medical examination.

13.    Pesce truthfully and accurately disclosed his medical history, which included a hospitalization for a seizure, and stated that he took Depakote, an anti-seizure medication.

14.    On or about January 20, 2010, Pesce received a Notice of Medical Disqualification dated January 20, 2010, which stated in relevant part: "The New York City Police Department has found you **NOT QUALIFIED** for the following reason: …. **Medically Disqualified:** Seizure's [sic]."

15.    By letter dated January 28, 2010, Pesce appealed the medical disqualification to the City Civil Service Commission ("CCSC").

16.    On or about February 2, 2010, Pesce provided a letter to the CCSC and NYPD from his neurologist, stating in relevant part: "Jonathan has had seizure disorder which has been under control with medication for about 2 years. Jonathan may serve in the police department…."

17.    Upon information and belief, the NYPD's Chief Surgeon has recommended that the CCSC not reverse the disqualification, stating in relevant part: "…officers taking such a medication [Depakote] pose a potential hazard to themselves and the public."

18.     Despite Pesce's appeal, request for reversal of the medical disqualification, and submission of medical records stating he is medically cleared to serve as an NYPD police officer, defendants have not reversed their decision to medically disqualify Mr. Pesce and continue to unlawfully deny him employment.

19.     At all times relevant, Pesce possessed a valid, unrestricted New York State driver's license.

20.     Pesce is 24 years of age, in good health, and has served as a volunteer firefighter with the Massapequa Fire Department, an all-volunteer fire department, from January 14, 2008 through the present.

21.     Pesce has experienced a few seizures only while at home playing video games, when not taking medication, and has never experienced a seizure during work, school, or outside the home.

22.     Pesce has not experienced any side effects from anticonvulsant medication.

23.     Despite a diligent job search, Pesce has not been able to secure comparable employment.

24.     Defendants failed to conduct an individualized assessment to determine whether Pesce could perform the job of police officer with or without a reasonable accommodation.

25.     Defendants denied Pesce employment based on a blanket policy of disqualifying all NYPD applicants with a history of seizure disorders and/or those who take anticonvulsant medication.

26.     Upon information and belief, defendants hire and employ police officers with other medical conditions, and individuals who take medication to control such conditions.

27.     The determination of defendants to medically disqualify Pesce and to deny him employment were a pretext for unlawful discrimination based on disability.

28.     Upon information and belief, defendants engage in a policy and practice to deny employment to individuals taking anti-seizure medication and/or to those diagnosed with seizure disorder.

29.     Upon information and belief, defendants engage in a policy and practice not to individually assess the ability of individuals diagnosed with seizure disorder or taking anticonvulsant medications to perform as a police officer with or without a reasonable accommodation.

30.     Upon information and belief, defendants engage in a policy and practice not to engage in an interactive dialogue to determine what, if any, reasonable accommodation is needed by individuals diagnosed with seizure disorder or those who take anticonvulsant medications.

31.     The defendants' conduct in denying employment to Pesce is discriminatory in violation of Section 504 of the Rehabilitation Act, the ADAAA, and the New York City HRL.

32.     As a result of the foregoing discrimination, plaintiff suffered, and continues to suffer, a loss of the salary and the benefits that would otherwise have been afforded him, and severe humiliation and emotional distress.

33.     Among other things, Pesce seeks the following relief: monetary redress, compensation for loss of income, damages for mental and psychological pain and suffering, punitive damages, and attorneys' fees and costs, as well as permanent injunctive relief.

**FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
FOR DISCRIMINATION BASED ON DISABILITY UNDER SECTION 504**

34.    Plaintiff repeats and re-alleges the allegations in paragraphs 1- 33 as if fully set forth herein.

35.    By reason of the foregoing, defendants discriminated against plaintiff on account of his disability by denying plaintiff employment and by failing to conduct an individualized assessment of whether Pesce could perform as a police officer with or without a reasonable accommodation, all in violation of Section 504.

36.    As a result of defendants' willful, knowing, and intentional discrimination, plaintiff sustained substantial losses in earnings, future pecuniary losses and benefits, and has suffered and continues to suffer humiliation, mental and physical distress, and anguish.

**SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
FOR DISCRIMINATION BASED ON DISABILITY UNDER THE ADAAA**

37.    Plaintiff repeats and re-alleges the allegations in paragraphs 1- 36 as if fully set forth herein.

38.    By reason of the foregoing, defendants discriminated against plaintiff on account of his disability by denying plaintiff employment and by failing to conduct an individualized assessment of whether Pesce could perform as a police officer with or without a reasonable accommodation, all in violation of the ADAAA.

39.    As a result of defendants' willful, knowing, and intentional discrimination, plaintiff sustained substantial losses in earnings, future pecuniary losses and benefits, and has suffered and continues to suffer humiliation, mental and physical distress, and anguish.

### THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### FOR DISCRIMINATION BASED ON DISABILITY UNDER THE NYC HRL

40.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-39 as if fully set forth herein.

41.    By reason of the foregoing, defendants discriminated against plaintiff on account of his disability by denying plaintiff employment and by failing to conduct an individualized assessment of whether Pesce could perform as a police officer with or without a reasonable accommodation; and all defendants condoned and acquiesced in such actions and failed to take corrective action, all in violation of the NYC HRL.

42.    As a result of defendants' willful, knowing, and intentional discrimination, plaintiff sustained substantial losses in earnings, future pecuniary losses and benefits, and has suffered and continues to suffer humiliation, mental and physical distress, and anguish.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment in plaintiff's favor and against defendants, containing the following relief:

A.    A declaratory judgment that the actions, conduct and practices of defendants complained of herein violate the laws of the United States, and the City of New York;

B.    An injunction and order permanently restraining defendants from engaging in such unlawful conduct;

C.    An order directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff for all monetary and/or economic damages, including but not

limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

F.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

G.    An award of punitive damages;

H.    An award of costs that plaintiff has incurred in this action, as well as plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

I.    Such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL CLAIMS FOR RELIEF**

Dated: New York, New York
       November 28, 2012

CONOVER LAW OFFICES
Attorneys for Plaintiff

_____
Molly Smithsimon
Bradford D. Conover
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 588-9080   molly@conoverlaw.com