UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
JONATHAN PESCE,                        :        12cv8663 (DLC)
                                       :
                  Plaintiff,           :        MEMORANDUM OPINION
                                       :              & ORDER
        -v-                            :
                                       :
THE CITY OF NEW YORK, ELI J. KLEINMAN, :
AS CHIEF SURGEON OF THE NEW YORK CITY  :
POLICE DEPARTMENT, AND WILLIAM         :
BRATTON, AS COMMISSIONER OF THE NEW    :
YORK CITY POLICE DEPARTMENT,           :
                                       :
                  Defendants.          :
                                       :
-------------------------------------- X

APPERANCES

For the plaintiff
Bradford D. Conover
Conover Law Offices
345 Seventh Ave., 21st Floor
New York City, NY 10022

For the defendants
William A. Grey
New York City Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

     The above-captioned action is set for trial starting on May

2, 2016.  This Opinion addresses two issues relating to how the

jury will be charged.  For the reasons that follow, the jury

will not be charged with either (1) a claim that the New York

City Police Department ("NYPD") administered an unlawful pre-

offer medical examination, or (2) that Pesce may be awarded

money damages from Doctor Eli J. Kleinman ("Kleinman") or
Commissioner William J. Bratton ("Bratton").

## Discussion

### I.  Pesce's Claim for Pre-Offer Medical Examination

In the pretrial order, and in his proposed jury
instructions, Pesce argues that the NYPD "subject[ed] Mr. Pesce
to an unlawful medical inquiry before it made a conditional
offer of employment."  The relevant ADA provision provides that
preemployment, "a covered entity shall not conduct a medical
examination or make inquiries of a job applicant as to whether
such applicant is an individual with a disability or as to the
nature or severity of such disability."  42 U.S.C.
§ 12112(d)(2)(A).  There are two exceptions to this prohibition.
The first is that "an employer may make pre-employment inquiries
into the ability of an applicant to perform job-related
functions."  Id. § 12112(d)(2)(B).  The second is that "a
medical examination after an offer of employment has been made
to a job applicant and prior to the commencement of the
employment duties of such applicant."  Id. § 12112(d)(3).

This claim was not alleged in the complaint.  Federal Rule
of Civil Procedure 8(a) provides that a complaint "must contain
. . . a short and plain statement of the claim showing that the
pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The
purpose of this rule is "to provide fair notice of the claims

2

and to enable the adverse party to . . . prepare for trial."
Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  There is
no indication that Pesce disclosed his intention to advance this
claim at trial until the filing of the joint pretrial order on
April 15, 2016, long after the close of discovery and summary
judgment practice.  Accordingly, this claim is not part of
Pesce's complaint, and may not be raised at trial.

Allowing Pesce to pursue this claim during the trial would
prejudice the defendants' ability to put on their defense.  The
prohibition against pre-offer medical examinations is within a
different subsection of the ADA and involves different elements
than the claim pleaded in the complaint, which asserted that
Pesce was discriminated against because the NYPD applied a
blanket policy against individuals with epilepsy.  The
plaintiff's pre-offer medical examination theory was not
addressed by the defendants in their answer, summary judgment
papers,[1] the pretrial order, or their requests to charge.  This
is not surprising as the claim was not in Pesce's complaint.

---

[1] Notably, the defendants' summary judgment papers requested that
the Court dismiss Pesce's claims in their entirety but did not
address whether the NYPD administered a pre-offer medical
examination.  Pesce's opposition brief did not address the
absence of any arguments relating to a pre-offer medical
examination.

3

Pesce argues that although this claim was not expressly included in the complaint, it is preserved for trial because the complaint makes reference to his earlier filing with the Equal Employment Opportunity Commission ("EEOC"),[2] which included a claim that the NYPD administered an unlawful pre-offer medical examination.  Pesce relies on two cases for this proposition: Kpaka v. City Univ. of New York, No. 14cv6021, 2015 WL 4557331 (S.D.N.Y. July 28, 2015) (dismissing disability claim as not reasonably related to EEOC claims), and Muhammad v. New York City Transit Auth., 450 F. Supp. 2d 198 (E.D.N.Y. 2006) (dismissing race discrimination claim as not reasonably related to EEOC claims).  These cases are inapposite.  In each of them the court examined an EEOC complaint to determine if the discrimination claim pleaded in a complaint filed in federal court should be dismissed for failure to exhaust administrative remedies.  In each case the district court dismissed the claim as not reasonable related to the claims pursued before the EEOC.  These cases do not support Pesce's argument that he may raise claims at trial which he never pleaded in his complaint by making a passing reference in that complaint to his prior EEOC

---

[2] The complaint makes only a passing reference to Pesce's EEOC complaint, stating only that Pesce timely filed a complaint with the EEOC and that the EEOC issued a Notice of Right to Sue.

filing.  Accordingly, Pesce will not be permitted to raise a
pre-offer medical examination claim at trial.

## II.  Pesce's Claim for Damages against the Individual Defendants

In Pesce's proposed jury charge, he requests a charge that
the two individual defendants can be held personally liable for
money damages under the New York City Human Rights Law.  This
request is inconsistent with the complaint, which indicates that
these individuals are being sued in their official, rather than
personal, capacities.

"Where . . . doubt may exist as to whether an official is
sued personally, in his official capacity or in both capacities,
the course of proceedings ordinarily resolves the nature of the
liability sought to be imposed." Rodriguez v. Phillips, 66 F.3d
470, 482 (2d Cir. 1995).  Factors that are relevant to this
analysis include, inter alia, (1) the substance of the
complaint, (2) whether the defendants raised defenses applicable
if they were being sued in their individual capacity, and (3)
whether the defendants are still employed at organization where
they worked when the claims arose.  Id.  No single factor is
dispositive; the Court must consider the "totality of the
complaint as well as the course of proceedings." Yorktown Med.
Lab., Inc. v. Perales, 948 F.2d 84, 89 (2d Cir. 1991).

Considering the totality of the complaint and the course of
the proceedings in this action, the individual defendants are

being sued in their official capacities.  First, in the caption of his complaint, Pesce lists Kleinman and Kelly as "Eli J. Kleinman, as Chief Surgeon of the New York City Police Department," and "Raymond W. Kelly, as Commissioner of the New York City Police Department."  The only reference in the complaint to either Kleinman or Kelly is a brief description of their positions in the NYPD and their residency status.  There are no allegations in the complaint as to either Kleinman or Kelly's personal involvement in the alleged discrimination against Pesce.  Since the complaint sought injunctive relief, as well as damages, it was not surprising that the complaint sued not only the City of New York, but also individual defendants in their official capacities.  See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (claims under the ADA for prospective injunctive relief may, under the doctrine established by Ex parte Young, 209 U.S. 123 (1908), proceed against individual officers in their official capacity.").  Nor did Pesce address the personal involvement of the individual defendants in the joint pretrial order.

Second, the defendants did not raise defenses that would be relevant if Pesce were suing the individual defendants in their individual capacities.  For example, to obtain an award of damages against the individual defendants, Pesce would have to prove either that the individuals had the power to hire Pesce or

6

aided and abetted discrimination by actually participating in the discriminatory conduct.  See Feingold v. New York, 366 F.3d 138, 158 (2d Cir. 2004).  The defendants did not address these elements in their answer, their summary judgment papers, or the pretrial order.  There is nothing in the record to indicate that the defendants had notice that Pesce would seek damages from the individual defendants until Pesce filed his proposed jury instruction on April 15, 2016, less than three weeks before the trial date.

Third, while Kleinman appears to still work for the NYPD, Kelly is no longer the Commissioner of the NYPD.  In an Opinion of February 5, the Court substituted Bratton for Kelly under Federal Rule of Civil Procedure 25(d), which provides that "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d) (emphasis added).  Pesce did not object to this substitution, which was predicated on the individual defendants being sued in their official capacities only.

In sum, the proceedings in this action reflect that the individual defendants are being sued in the official capacities only.  To charge the jury otherwise would be highly prejudicial to the defendants, who appear to have had no notice until April

15 that such a theory would be advanced at trial.  Accordingly,
the jury will not be charged that money damages may be awarded
against the individual defendants.

### Conclusion

The jury will not be charged, and Pesce will not be allowed
to argue at trial, either that (1) the NYPD administered an
unlawful pre-offer medical examination, or (2) that Pesce may
obtain an award of money damages from the individual defendants.


Dated:    New York, New York
          April 29, 2016


_____
DENISE COTE
United States District Judge